Arthur G. Klein, J.
This is a petition pursuant to section 503 of the Insurance Law for the appointment of three persons to appraise the value of the shares of stock held by the petitioners. Petitioners have complied with all the requirements of section 503 in that they did not vote in favor of the proposed merger, made timely written objections and demands for payment, and have petitioned this court within the designated time period.
Respondents do not strenuously oppose the appointment of appraisers, but ask the court to require that all expenses, including reasonable compensation and expenses for the appraisers, respondents’ counsel fees, and expenses in employing experts, to be assessed against petitioners, if upon appraisal it be shown that respondents’ offer, which was not accepted by petitioners, was equal to or in excess of the appraised value of the shares.
Section 503 clearly states that “ the charges and expenses of the appraisers, after approval by the court, shall be paid by the company.” The Legislature could hardly be more explicit. Respondents, on the other hand, argue that the court should apply section 623 of the Business Corporation Law, which also provides for appraisal of shares, but which permits the court to apportion and assess all or .any part of the costs and expenses *437 of the proceedings against dissenting shareholders if the court finds that their refusal to accept the corporate offer was ‘ ‘ arbitrary, vexatious or otherwise not in good faith.” (Subd. [6].) It is true, as respondents urge, that section 7 of the Insurance Law is a “ bridge section ’ ’ between the Insurance Law and the Business Corporation Law, and is intended to make the provisions of the latter applicable to insurance corporations, .subject to certain provisos. One such proviso is paragraph (a) of subdivision (1) of section 7. Respondents, in their brief, quote its second sentence, as follows: “ If any provision of this chapter relates to a matter embraced in the business corporation law but is not in conflict therewith, both provisions shall apply.” The first sentence, however, is more apposite: “ If any provision of the business corporation law conflicts with any provision of this chapter, the provision of this chapter shall prevail, and the conflicting provision of the business corporation law shall not apply in such case.” (Emphasis added.) That section 503 of the Insurance Law does not permit the court to assess costs against petitioners as does section 623 of the Business Corporation Law should not be surprising, nor be cause for contrived attempts to apply the latter. The Legislative Studies and Reports (McKinney’s Cons. Laws of N. Y., Book 27, Insurance Law, § 7) recognized the disparities between the Insurance Law and the Business Corporation Law and pointed out that, “ The exclusion of provisions of the Business Corporation Law from applicability to insurers is consistent with the policy of this State of recognizing the special nature of an insurance corporation (formerly denominated a moneyed corporation) and providing for the close regulation of the insurance industry by the Superintendent of Insurance.” The Legislative Studies and Reports added the following comment: ‘ ‘ Any conflict existing between the provisions of the Insurance Law and the Business Corporation Law is conclusively resolved in favor of the Insurance Law.” Accordingly, the court will not assess costs of the appraisal against the petitioners.